IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

U.S. NAILS, INC., an Ohio Corporation
2709 Madison Road
Cincinnati, Ohio 45209

Plaintiff,

vs.

KH&SN, LLC d/b/a Luxuriant
Nail Salon & Spa
c/o Thomas P. Doyle
2245 Gilbert Avenue, Suite 205
Cincinnati, Ohio 45206

And

KEVIN HO, Individually
c/o Thomas P. Doyle
2245 Gilbert Avenue, Suite 205
Cincinnati, Ohio 45206

And

SARAH NGUYEN, individually
c/o Thomas P. Doyle
2245 Gilbert Avenue, Suite 205
Cincinnati, Ohio 45206

Defendants.

Case No. 1:23-cv-00028

**COMPLAINT**
**WITH JURY TRIAL DEMANDED**

## I. NATURE OF ACTION

1. This is an action for trade dress infringement, false designation of origin, passing off, dilution under the Lanham Act, 15 U.S.C. § 1125(a), (c); trademark dilution and trademark infringement under the common law of the State of Ohio; and deceptive trade practices under §4165.02 of the Ohio Revised Code.

## II. PARTIES

2. Plaintiff, U.S. Nails, INC., ("Plaintiff" or "Ambiance") is an Ohio corporation with a principal place of business at 2709 Madison Road, Cincinnati, Ohio 45209.

3. Plaintiff possesses a registered trade name in Ohio as Ambiance Nail Salon and Spa, which has been in use since 2007.

4. Plaintiff and its co-licensees currently offer the following nail spa services: manicures, pedicures, facials, and waxing services.

5. Plaintiff has been incorporated in Ohio since 2006.

6. Defendant KH&SN, LLC d/b/a Luxuriant Nail Salon & Spa ("Luxuriant") is an Ohio limited liability company with a principal business address of 11959 Lebanon Rd. #5, Cincinnati, OH 45241.

7. Upon information and belief, Defendant Luxuriant opened its store to the public and has been in business since January 17, 2021.

8. Upon information and belief, Defendant Kevin Ho ("Ho") is a resident of Kenton County, Kentucky.

9. Upon information and belief, Defendant Sarah Nguyen ("Nguyen") is a resident of Butler County, Ohio.

10. Upon information and belief, Defendants Ho and Nguyen are controlling members, managers, and officers of Luxuriant.

11. Upon information and belief, Defendants offer the following nail spa services: manicures, pedicures, facials, and waxing services.

## III. JURISDICTION

12. As this action relates to trade dress infringement, this Court has original subject matter jurisdiction over this action under 15 U.S.C. §1121(a) and under 28 U.S.C. §1338(a).

13. As this case relates to state trade dress infringement claims, unfair trade practices that are joined with and substantially related to the trade dress infringement action, this Court also has original jurisdiction over these claims under 28 U.S.C. §1338(b).

14. This Court also has jurisdiction pursuant to 28 U.S.C. §1331 because the claims raise a federal question arising under federal law.

15. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. §1367(a).

16. This Court has personal jurisdiction as Defendants' infringing activities take place in the State of Ohio, and are directed to Ohio residents, and Defendants have solicited and conducted business within the State of Ohio.

## IV. VENUE

17. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1391(c) in that the Defendants are residents of, or transact business in, the Southern District of Ohio.

## V. FACTUAL BACKGROUND

18. The mark at issue is the trade dress ("Ambiance Trade Dress") used by Plaintiff in the nail salon industry.

19. The Ambiance Trade Dress has been in use for many years, has achieved widespread public recognition, and has developed secondary meaning.

20. Plaintiff and its co-licensees have twelve locations open in Ohio at 2709 Madison Rd., Cincinnati, Ohio 45209 ("Ambiance 1"); 11322 Montgomery Rd., Cincinnati, Ohio 45249

("Ambiance 2"); 3831 Edwards Rd., Cincinnati, OH 45209 ("Ambiance 3"); 3120 Vandercar Way, Cincinnati, OH 45209 ("Ambiance 4"); 720 Eastgate South Dr., Cincinnati, OH 45245 ("Ambiance 5"); 11309 Montgomery Rd., Cincinnati, OH 45249 ("Ambiance 6"); 7634 Beechmont Ave., Cincinnati, OH 45255 ("Ambiance 7"); 8491 Winton Rd., Cincinnati, OH 45231 ("Ambiance 8"); 7996 Princeton Glendale Rd., West Chester, OH 45069 ("Ambiance 9"); 7594 Voice of America Centre Dr., West Chester, OH 45069 ("Ambiance 10"); 5875 Deerfield Bldv., Mason, OH 45040 ("Ambiance 11"); 9869 Waterstone Bldv., Cincinnati, OH 45249 ("Ambiance 12").

21. Plaintiff and its co-licensees operate nail salons throughout Ohio.

22. Since January 2009, Plaintiff has consistently offered nail spa services in connection with an elegant spa environment featuring specific design elements and themes such as: (1) uses of arches and pillars to separate interior sections, (2) recessed or indented ceilings with hidden LED lowlights in bright pink, yellow, blue or red, (3) secondary ceiling scheme of faux sky effect, (4) bubble walls with LED lights used to separate interior sections, (5) beige, natural, earth-tone stone finishes, (6) neutral vanilla-colored marbled walls (effect achieved with marble painting technique), (7) crystal chandeliers in clear crystal or crystal with red accents (8) grey, stonemark granite manicure table tops, front desk table top and cabinetry table tops, (9) stone-look rectangular wall tile scheme with secondary rectangular wall tile scheme of polished tile in black, brown, and taupe color combination, and (10) a black and gold front reception desk color scheme. (See attached photographs below).

**Photograph of Ambiance 3:**



**Photograph of Ambiance 5:**



**Photograph of Ambiance 8:**



**Photograph of Ambiance 12:**



**Photographs of Ambiance 9:**




23. Plaintiff's trade dress was inspired by the usage of similar designs and appearances by various affiliates of Ambiance.

24. Plaintiff's use of its trade dress has been elaborated and evolved over the course of time since its first use in January 2009.

25. The above-mentioned décor elements, total image, and overall appearance of an Ambiance location combine to create a trade dress that is inherently distinctive.

26. In light of Ambiance's use of the Ambiance Trade Dress in promoting its services, the Ambiance Trade Dress is immediately recognizable and associated in the minds of consumers solely in connection with Ambiance and its authorized affiliates.

27. Plaintiff has advertised and promoted the Ambiance Trade Dress through print advertisements, handbill flyers, posters, and the Internet.

28. Consumers in the nail spa marketplace recognize Ambiance by the use of the Ambiance Trade Dress.

29. The Ambiance Trade Dress consists entirely of arbitrary, non-functional design elements.

30. Plaintiff has extensively and continuously promoted and used the Ambiance Trade Dress in the United States and the Ambiance Trade Dress has thereby become a famous and well-known symbol of Plaintiff's services.

31. Plaintiff and its co-licensees spend considerable amounts of money, approximately $600,000.00 to $900,000.00 on the build-out and design of each of its nail spas to create a unique setting.

32. Upon information and belief, Defendants opened their salon on January 17, 2021.

33. Defendants advertise, promote, sell and offer to sell manicures, pedicures, facials and waxing services using a trade dress confusingly similar to the Ambiance Trade Dress.

34. Defendants also display their confusingly similar Infringing Trade Dress on their website and in their social media presence.

35. Key features in Defendants' salon décor are identical to the Ambiance Trade Dress, with Defendants' Infringing Trade Dress containing: (1) uses of arches and pillars to separate interior sections, (2)  bubble walls with LED lights used to separate interior sections , (3) recessed ceilings with a primary scheme of LED uplighting in bright pink, red, yellow or green and a secondary scheme of faux sky effect, (4) beige, natural, earth-tone stone finishes, (5) neutral sunny yellow/vanilla-colored marbled walls (effect achieved with marble painting technique), (6) Accent walls and accent items such as fabric or glass shades for lighting and towels in a deep red or raspberry color, (7) crystal chandeliers either solely in clear crystal or with red accents, (8) grey, stonemark granite manicure table tops, bar table tops and cabinetry table tops, and (9) rock-look rectangular tile scheme with secondary rectangular glass tile in black, brown, and taupe color combination. (See attached photographs below).

**Photographs of Luxuriant Nail:**

36. All the elements of the Ambiance Trade Dress are nonfunctional elements added solely to distinguish Ambiance salons from its competitors.

37. In opening a nail spa with the Infringing Trade Dress, Defendants seek to appropriate the goodwill associated with Ambiance and the Ambiance Trade Dress.

38. Plaintiff has never authorized or licensed Defendants to use the Ambiance Trade Dress nor any confusingly similar derivate of it.

39. The consumers of Ambiance and Luxuriant are similar: residents of Cincinnati and its surrounding communities.

40. Plaintiff is harmed by trade dress infringement to the extent that customers are confused as to the source of the services of Luxuriant.

41. Plaintiff's ability to expand its operation is hampered, and investment into its business may be negatively affected due to consumer confusion.

42. After becoming aware of Defendants' use, Plaintiff, through legal counsel, requested that Defendants stop using their Infringing Trade Dress because it was likely to cause confusion with Plaintiff and the Ambiance Trade Dress.

43. Defendants, with full knowledge of the Ambiance Trade Dress, have repeatedly and intentionally refused Plaintiff's request to stop using the Ambiance Trade Dress, thereby making the use and continued use of the Infringing Trade Dress willful and wanton.

44. As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

## VI. CAUSES OF ACTION

### COUNT I
### TRADE DRESS INFRINGEMENT
### 15 U.S.C. § 1125(a)

45. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 44 as if fully restated herein.

46. The commercial use of the Infringing Trade Dress for promoting Defendants' services is willful infringement of Plaintiff's common law trademark rights in the Ambiance Trade Dress, and such commercial use was with the knowledge of and intended to trade off of Plaintiff's prior rights in the Ambiance Trade Dress.

47. Defendants' use of the Infringing Trade Dress creates a likelihood of confusion as to the affiliation, connection, association, sponsorship, or endorsement by Plaintiff in an appreciable number of nail spa consumers and potential consumers.

48. The Ambiance Trade Dress serves as a distinctive mark due to its unique interior design.

49. The goodwill of the Ambiance Trade Dress is of enormous value, and unless Defendants are restrained from continuing their unlawful conduct now, Plaintiff will suffer irreparable injury.

50. Plaintiff is entitled to a permanent injunction against Defendants, as well as other remedies available under the Lanham act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

**COUNT II**
**UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, PASSING OFF**
**15 U.S.C. § 1125(a)**

51. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 50 as if fully restated herein.

52. Defendants use of the Infringing Trade Dress to market its nail spa services will likely cause confusion, mistake, or deception on the part of persons seeing Defendants' nail spa services, as to the origin, sponsorship, or approval by Plaintiff of Defendants' nail spa services, all in violation of 15 U.S.C. § 1125(a).

53. Upon information and belief, Defendants' unfair competition, false designation of origin, and passing off has been willful and deliberate, designed specifically to trade upon the consumer goodwill enjoyed by Plaintiff.

54. The goodwill of the Trade Dress is of enormous value, and unless Defendants are restrained from continuing their unlawful conduct now, Plaintiff will suffer irreparable injury.

55. Plaintiff is entitled to a permanent injunction against Defendants, as well as other remedies available under the Lanham act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

**COUNT III**
**FEDERAL TRADEMARK DILUTION**
**15 U.S.C. § 1125(c)**

56. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 55 as if fully restated herein.

57. Defendants are making commercial use in commerce of marks that dilute and are likely to dilute the distinctiveness and effectiveness of Plaintiff's Ambiance Trade Dress by eroding the public's exclusive identification of these famous marks with Plaintiff's, tarnishing

and degrading the positive associations and prestigious connotations of the Ambiance Trade Dress and otherwise lessening the capacity of the Ambiance Trade Dress to identify and distinguish services.

58. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Ambiance Trade Dress or to cause dilution of the Ambiance Trade Dress, to the great and irreparable injury of Plaintiff.

**COUNT IV**
**STATE DILUTION**
**OHIO COMMON LAW**

59. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 58 as if fully restated herein.

60. Through prominent, long, and continuous use in commerce, including commerce within the State of Ohio, the Ambiance Trade Dress has become and continues to be famous and distinctive throughout the State of Ohio.

61. Defendants' use of the Infringing Trade Dress began after the Ambiance Trade Dress became famous and distinctive.

62. Defendants are making commercial use in commerce of marks that dilute and are likely to dilute the distinctiveness and effectiveness of the Ambiance Trade Dress by eroding the public's exclusive identification of these famous marks with Plaintiff's, tarnishing and degrading the positive associations and prestigious connotations of the Ambiance Trade Dress and otherwise lessening the capacity of the Ambiance Trade Dress to identify and distinguish services.

63. Defendants' actions demonstrate an intentional, willful, and malicious intent to

trade on the goodwill associated with the Ambiance Trade Dress or to cause dilution of the Ambiance Trade Dress, to the great and irreparable injury of Plaintiff.

64. Defendant is causing and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiff's famous and distinctive Trade Dress in violation of the Ohio common law.

65. Unless enjoined by this Court, the acts of Defendants complained of herein will cause Plaintiff to suffer irreparable harm for which there is no adequate remedy at law.

**COUNT V**
**STATE TRADEMARK INFRINGEMENT**
**OHIO COMMON LAW**

66. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 65 as if fully restated herein.

67. Plaintiff's use of the Ambiance Trade Dress predates any alleged use by Defendants in the United States.

68. The aforesaid acts of Defendants constitute trademark infringement in violation of the Ohio common law.

69. The acts of Defendants were committed willfully, with full knowledge of Plaintiff's rights, and with the intention of deceiving, misleading, and confusing the public and causing harm to Plaintiff.

70. Unless enjoined by this Court, the acts of Defendants complained of herein will cause Plaintiff to suffer irreparable harm for which there is no adequate remedy at law.

**COUNT VI**
**DECEPTIVE TRADE PRACTICES**
**OHIO REV. CODE §4165.02**

71. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 70 as if fully restated herein.

72. The aforesaid acts of Defendants constitute deceptive trade practices in violation of the Ohio Rev. Code 4165.02.

73. Defendant has made false or misleading statements of facts concerning his own product and deceives a substantial portion of the intended audience to cause actual confusion on the part of the public.

74. The acts of Defendants were committed willfully, with full knowledge of Plaintiff's rights, and with the intention of deceiving and misleading the public and causing harm to Plaintiff.

75. Plaintiff is therefore entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

**COUNT VII**
**UNJUST ENRICHMENT**
**OHIO COMMON LAW**

76. Plaintiff hereby incorporates by reference and realleges the allegations set forth in Paragraphs 1 through 75 as if fully restated herein.

77. The aforesaid acts of Defendants constitute unjust enrichment of Defendant at the expense of Plaintiff in violation of Ohio common law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendants as follows:

A.   Finding that (i) Defendants have violated 15 U.S.C. § 1125(a) and 15 U.S.C. § 1125(c), (ii) Defendants have committed trademark dilution and trademark infringement under Ohio common law, (iii) Defendants have committed deceptive trade practices under Ohio Rev. Code §4165.02, and (iv) Defendants have unjustly enriched themselves at the expense of Plaintiff.

B.   Granting an injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C § 1116, 17 U.S.C. § 502, and Ohio Rev. Code §4165.03, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, and employees, and attorneys, and all those persons or entities in active concert or participation with them from:

   1.   advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any goods or services that bear the Ambiance Trade Dress or any other mark or design element substantially similar or confusing thereto;

   2.   engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations or design elements associated with the Ambiance Trade Dress;

   3.   engaging in any other activity that will cause the distinctiveness of the Ambiance Trade Dress to be diluted.

C.   Requiring Defendants to file with this Court and serve on Plaintiff within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D.   Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any services

at issue in this action that has been marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Plaintiff, or is related in any way with Plaintiff and/or its services;

E. Awarding Plaintiff statutory damages or in the alternative its actual damages suffered as a result of Defendants' actions;

F. Awarding actual and punitive damages to which it is entitled under applicable federal and state laws;

G. Awarding prejudgment interest on any monetary award made part of the judgment against Defendant; and

H. Awarding Plaintiff such additional and further relief as the Court deems just and proper.

Respectfully submitted,

*<u>/s/ Rachael L. Rodman</u>*
Rachael L. Rodman (0073872)
Ulmer & Berne LLP
65 E. State Street, Suite 1100
Columbus, OH 43215
T: 614.229.0038 | F: 614.229.0039
rrodman@ulmer.com

**Counsel for Plaintiff**

Of counsel:
Sean Sharp (*pro hac vice forthcoming)*
Atom Law Group
770 N. LaSalle Drive, Suite 700
Chicago, Illinois 60654
T: 312-934-8000
ssharp@atom.law

## **Jury Demand**

Plaintiff requests a jury for all issues so triable.

*/s/ Rachael L. Rodman*
Rachael L. Rodman (0073872)